**Philadelphia Federation of Teachers, Local No. 3, PAFT, AFT, AFL-CIO v. Board of Education**

*Leonard M. Sagot*, for plaintiff.
*Vincent Salandria*, for defendant.

GELFAND, *J.*, —And now, June 23, 1981, upon consideration of the within petition to vacate an arbitrator's award, answer thereto,[1] memoranda of law and argument in connection therewith, it is hereby ordered that said petition is denied.

Accordingly, the decision of the arbitrator is affirmed.

The instant matter comes to this court from an award of an arbitrator wherein said arbitrator found that a grievance alleged by the Philadelphia Federation of Teachers (hereinafter called petitioner) against The School District of Philadelphia (hereinafter called respondent) was not one that was arbitrable but was a matter solely within the jurisdiction of the Pennsylvania Labor Relations Board.

The facts indicate that petitioner sought arbitra-

---

1. Respondent filed preliminary objections to the within petition. However, this court shall treat same as an answer.

tion after a disagreement with respondent regarding wages for personnel in the Get Set Program could not be resolved and discussions reached an impasse. Petitioner alleged that arbitration was the proper procedure to pursue in order to break the impasse because the collective bargaining agreement between the parties which is dated November 3, 1978 contains the following clause:

"In June 1978, the Board reduced the Get Set Program from 12 months to 10 months and as such the Board and the Federation must negotiate a wage rate for Get Set employes who are hereinafter employed during the summer months. . . . "

It is petitioner's contention that the failure to reach an agreement pertaining to wage rates pursuant to the above constitutes a breach by respondent of the collective bargaining agreement, and consequently arbitration is mandatory pursuant to §903 of The Public Employe Relation Act (43 P.S. §1101.903) (hereinafter called PERA), which provides in pertinent part as follows:

"Dispute under collective bargaining agreement; mandatory arbitration
Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree. . . . "

The arbitrator held that notwithstanding the collective bargaining agreement and §903 of PERA, petitioner's claims amount to a refusal to bargain in good faith; and, therefore, such lies within the exclusive jurisdiction of the Pennsylvania Labor Relations Board.

Under the facts involved herein, this court can see no basis to determine that the arbitrator contravened §903 of PERA in refusing to entertain petitioner's alleged grievance. Section 903 of the aforesaid act merely provides for arbitration under circumstances where the dispute or grievance arises out of the interpretation of a collective bargaining agreement.

Hence, before the disagreement can be one subject to arbitration and over which an arbitrator has jurisdiction, the dispute must pertain to an interpretation of the collective bargaining agreement between the parties. Here, although the contract clause involved provides that the parties "must negotiate a wage rate," the dispute is concerned with the failure of respondent to negotiate a wage rate and not an interpretation of the agreement; and the failure to bargain in good faith is an unfair labor practice: PERA §1201(a)(5).

Section 1301 of PERA provides that the power to prevent any unfair labor practice lies *exclusively* with the Pennsylvania Labor Relations Board and the said " . . . power shall . . . not be affected by any other means of adjustment or prevention that [has] been or may be established by agreement, law, or otherwise."

Further, §703 of PERA provides:

"Implementation of provisions in violation of, or inconsistent with statutes or home rule charters
The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of micicipal home rule charters.

Consequently, if respondent has failed to negotiate in good faith, the jurisdiction of the Pennsylvania Labor Relations Board cannot be abrogated merely because the parties to a collective bargaining agreement insert into that agreement a provision to do that which is already an obligation under PERA, i.e., to bargain in good faith: Section 703 and 1301 of PERA.

Accordingly, for all the foregoing reasons, the instant appeal is denied and the arbitration award is affirmed.[2]

---

2. The January 12, 1980 decision of the arbitrator was as follows:

"The dispute concerning the wage rate for Get Set summer employes is not arbitrable. The Federation's grievance is therefore denied."

The arbitration opinion in part is as follows:

"It is the arbitrator's considered judgment that the inclusion on the 1978-1980 contract of an agreement to negotiate a wage rate for Get Set summer employees did not change the fundamental nature of the dispute over Get Set wage rates—it was and continues to be a dispute over interests, not rights. The agreement to negotiate a wage rate is clearly *not* an agreement as to the terms and conditions of employment of Get Set summer employees; it creates no grievable rights. Accordingly, failure to reach agreement on the Get Set wage rate provides no basis for a grievance or grievance arbitration.

Furthermore, refusal to bargain in good faith is not an arbitrable issue; its remedy lies with the Pennsylvania Labor Relations Board.

The arbitrator therefore finds that the dispute concerning the wage rate for Get Set summer employees is not arbitrable."

This court's scope of review in matters of this nature is limited. The arbitrator's decision must be affirmed, if it can in any rational way be derived from the agreement and viewed in light of its language, its context and any other indicia of the parties' intention: Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA), 375 A. 2d 1267 at 1275 (1977).